UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                    Case No. 24-42616

KELLY M. WESTBROOK, *pro se*,                      Chapter 7

          Debtor.                                                     Judge Thomas J. Tucker
_____/

**ORDER REGARDING THE DEBTOR'S AMENDED EXEMPTIONS AND THE DEBTOR'S MOTION ENTITLED "DEBTOR'S MOTION TO VACATE AND SET ASIDE ORDER ON MOTION TO COMPEL AND MOTION TO TURNOVER/RETURN [ETC.]" (DOCKET # 51)**

      After holding a hearing on August 21, 2024, the Court entered an order entitled "Order Compelling Debtor to Turn Over Property of the Estate and to Cooperate" (Docket # 48, the "August 21 Order"). On August 30, 2024, the Debtor filed amended Schedules A/B and C, among other things (Docket # 50), and also filed a motion entitled "Debtor's Motion to Vacate and Set Aside Order On Motion to Compel and Motion to Turnover/Return [etc.]" (Docket # 51, the "Motion"). The Motion seeks reconsideration of and relief from the August 21 Order.

      The Court has reviewed the Motion, the Chapter 7 Trustee's response to the Motion, filed September 19, 2024 (Docket # 55), the Debtor's amended Schedules A/B and C, filed August 30, 2024 (Docket # 50),[1] the Trustee's objection to the Debtor's amended claims of exemption, filed September 12, 2024,[2] and other parts of the record. The Court is currently scheduled to hold an in person hearing on the Motion on September 25, 2024 at 9:00 a.m.

      Prior to holding the hearing on September 25,[3] the Court finds it necessary and appropriate to enter this Order, to make certain rulings that clarify and limit the Debtor's latest amended exemptions. The Court finds good cause to enter this Order.

      IT IS ORDERED that:

---

    [1] The Debtor's latest amended Schedule C claims exemptions based on provisions of the federal exemption statute, 11 U.S.C. § 522(d). That is a switch from the Debtor's most recent amended Schedule C, which claimed exemptions under the Michigan bankruptcy exemption statute.

    [2] The Debtor has not yet filed a response to the Trustee's latest objection to exemptions. The Debtor's deadline to file such a response is Monday, September 30, 2024.

    [3] The September 25, 2024 hearing will be held, as scheduled, notwithstanding the entry of this Order.

1. The Debtor may claim an exemption in the real estate, listed in the Debtor's latest amended Schedule C as "16552 Indiana St." (the "real estate"), under 11 U.S.C. § 522(d)(1), up to a maximum amount of $27,900.00. That is the "applicable statutory limit" of the exemption under § 522(d)(1).

2. The Debtor's claimed exemption of the real estate under 11 U.S.C. § 522(d)(10)(D) is disallowed. Section 522(d)(10)(D) clearly does not apply to a bankruptcy debtor's existing interest in real estate.

3. Because the Debtor has claimed an exemption of the real estate under 11 U.S.C. § 522(d)(1) in the amount of $45,000.00, which exceeds the maximum exemption amount of $27,900.00, the Debtor is deemed to claim an exemption in the amount of $27,900.00 in the real estate under § 522(d)(1).

4. As a result of the foregoing, the Debtor's maximum exemption amount available for any property under 11 U.S.C. § 522(d)(5) is $1,475.00.

5. The Debtor's claimed exemptions under § 522(d)(5), for (a) "Cash in Checking" in the amount of $3,300.71; and (b) "Garnished Funds" in the amount of $919.36,[4] which total $4,220.07, exceed the maximum § 522(d)(5) exemption amount of $1,475.00, by $2,745.07. The Debtor's claimed exemptions under § 522(d)(5) therefore are disallowed to the extent they exceed $1,475.00.

6. The Debtor may claim an exemption in the one motor vehicle, listed in the Debtor's latest amended Schedule C as "2008 Chevy Impala," under 11 U.S.C. § 522(d)(2), up to a maximum amount of $2,400.00. That is the "applicable statutory limit" of the exemption under § 522(d)(2).

7. The Trustee's objection to the Debtor's amended claims of exemption, filed September 12, 2024 (Docket # 54) is sustained to the extent of the rulings and relief in this Order.

**Signed on September 23, 2024**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[4] In the Trustee's response to the Debtor's Motion, the Trustee states that the Debtor did not claim the $919.36 amount as exempt in her latest amended Schedule C. *See* Trustee Resp. to Mot. (Docket # 55) at 3 n. 3. That is not correct. The Debtor did claim this amount as exempt. *See* Debtor's Amended Schedule C (Docket # 50 at pdf p. 14).